Dmitry Bikmayev (0102300)
**Attorney for putative Defendants**
**River City Correctional Center, et al.**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **JOANNA LEDFORD** | : | **Case No.** |
| Plaintiff, | : | |
| vs. | : | **Judge** |
| **RIVER CITY CORRECTIONAL CENTER, ET AL.** | : | |
| Defendants. | : | **NOTICE OF REMOVAL** |
| | : | |

---

**TO:**

**JOANNA LEDFORD**
8721 Cheviot Road
Cincinnati, OH 45251
*Pro se Plaintiff*

**PLEASE TAKE NOTICE** that a Notice of Removal of the above-styled action from the Hamilton County, Ohio Municipal Court, to the United States District Court for the Southern District of Ohio, Western Division at Cincinnati has been filed with the United States District Court. A copy of the Notice of Removal is being served upon you, and a copy of the Notice of Removal is being filed with the Clerk of Courts, Hamilton County, State of Ohio, in conformity with 28 U.S.C. Section 1446(d).

As grounds for removal, the putative Defendants, River City Correctional Center, Scott McVey, and Andrea Ruffin state that the United States District Court, Southern Division of Ohio has federal question jurisdiction over the claims asserted in Plaintiff's Complaint. Specifically, 28 U.S.C. Section 1441(a) governs federal question jurisdiction, and provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may

be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Furthermore, 28 U.S.C. Section 1367(a) governs supplemental jurisdiction, and states that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

Plaintiff filed her Complaint on September 19, 2024, asserting claims of alleged violations of her rights under Title VII of the Civil Rights Act of 1964 (42 U.S.C. Section 2000(e)) and 42 U.S.C. Section 1981, thus instituting federal question jurisdiction. Plaintiff also asserted claims of negligence and intentional infliction of emotional distress, which apparently formed from the same case and controversy as the federally-derived allegations. As such, the Federal District Court possesses supplemental jurisdiction over the supplemental state claims.

Putative Defendants were served with a copy of the Complaint on November 1, 2024. Accordingly, and pursuant to 28 U.S.C. 1446(b), Defendant filed this Notice of Removal in the District Court together with a copy of all process, pleadings, and orders served upon it in the state court action.

Respectfully submitted,


_/s/ Dmitriy Bikmayev__
Dmitriy Bikmayev, 0102300
Pamela J. Sears, 0012552
Assistant Prosecuting Attorneys
230 East Ninth Street, Suite 4000
Cincinnati, OH 45202
(513) 946-3077 (Bikmayev)
(513) 946-3082 (Sears)
(513) 946-3018 (Fax)
Dmitriy.Bikmayev@hcpros.org
Pam.Sears@hcpros.org
*Attorneys for Putative Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the __*14th*_____ day of November, 2024, I served a copy of the foregoing by ordinary U.S. Mail to the following:

Joanna Ledford
8721 Cheviot Road
Cincinnati, OH 45251
*Pro se Plaintiff*